IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEDRO FERNANDO PAZ SOLDAN ) <br> 6180 Wilson Boulevard ) <br> Arlington, Virginia 22205 ) <br> ) <br> and ) <br> ) <br> **BLANCA PEREZ** ) <br> 6180 Wilson Boulevard ) <br> Arlington, Virginia 22205 ) <br> ) <br>     Plaintiffs on behalf of themselves and all ) <br>     similarly situated individuals ) <br> ) <br>     v. ) <br> ) <br> ELLISDALE CONSTRUCTION & ) <br> DEVELOPMENT, INC. ) <br> 116 Edwards Ferry Road, Suite E ) <br> Leesburg, Virginia 20176 ) <br> ) <br>   Serve: ) <br> National Corporate Research, LTD ) <br> 1025 Vermont Avenue, N.W. Suite 1130 ) <br> Washington, DC 20005 ) <br> ) <br> C.R. CALDERON CONSTRUCTION, ) <br> INC. ) <br> 5104 Branchville Road ) <br> College Park, Maryland 20740 ) <br> ) <br> Serve: ) <br> Royal Service Company, Inc. ) <br>  5335 Wisconsin Ave., N.W., Suite 440 ) <br>  Washington, DC 20015 ) <br> ) <br> **MA DRYWALL & FINISHING COMPANY** ) <br> 7836 Flamingo Drive ) <br> Alexandria, Virginia 22306 ) <br> ) <br>  Serve: ) <br>  Miguel Alvarez ) <br> 7836 Flamingo Drive ) <br> Alexandria, Virginia 22306 ) | Civil Action: <br><br> Jury Trial Demanded |

|  | ) |
|---|---|
| Defendants. | ) |
|  | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### Nature of the Action

1. Defendant general contractor Ellisdale Construction & Development, Inc. ("Ellisdale") subcontracted with Defendant C.R. Calderon Construction, Inc. ("Calderon") to perform general carpentry work, including finishing, framing, and insulating, at a new construction project taking place at 1031 4th St., N.W., Washington, D.C. ("the project"). Calderon utilized MA Drywall & Finishing Company ("MA") to supply labor for the project and as a pass-through to pay wages. The Plaintiffs and similarly situated individuals are carpenters, finishers, and laborers who performed work at the project from on or around July of 2015 until on or around October 27, 2015.

2. The plaintiffs and similarly situated individuals worked an average of six (6) days a week, eight or more hours a day. The plaintiff and similarly situated individuals were paid between $14 and $22 an hour. They were paid in cash, with no overtime premium, until the month of October, 2015, when no wages were paid.

3. The plaintiffs and similarly situated individuals were misclassified as independent contractors.

4. Plaintiffs, on behalf of themselves and similarly situated individuals, brings this action to recover damages for defendants' willful failure to pay wages and for willful misclassification.

5. Plaintiffs, on behalf of themselves and similarly situated individuals, assert claims under:

a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.* b) the District of Columbia Minimum Wage Act Revision Act ("DCMWRA"), D.C. Code §§32-1301 *et seq.*, D.C. Code §§ 32-1001 *et seq.*; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 et seq.; (d) the DC Wage Theft Prevention Amendment Act ("DCWTPAA"), D.C. Code §§ 32-1001-15, 32-1301-11; and (e) the D.C. Workplace Fraud Act, D.C. Code §§32.1331.01-.15.

6. Plaintiffs, on behalf of themselves and all similarly situated individuals, bring their FLSA and DCMWRA claims as a "collective action" pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b), and their DCWPCL and DCWTPAA claims as a traditional class action pursuant to Fed. R. Civ. P. 23.

## Jurisdiction and Venue

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to plaintiffs' claims occurred in this district.

## Parties

9. Plaintiff Pedro Paz Soldan (nicknamed "Lucas") ("Mr. Paz") is an adult resident of Arlington, Virginia, residing at the address in the caption above.

10. Plaintiff Blanca Perez is an adult resident of Arlington, Virginia, residing at the address in the caption above.

11. Defendant Ellisdale ("Ellisdale") is a full-service general contractor operating in the Washington, D.C. metropolitan area. Its principal place of business is located at 116 Edwards Ferry Road, Suite E., Leesburg, Virginia 20176.

12. Ellisdale's registered agent for service of process is National Corporate Research, LTD, 1025 Vermont Avenue, N.W. Suite 1130, Washington, DC 20005.

13. Defendant C.R. Calderon, Inc. ("Calderon") is a carpentry subcontractor with its principal place of business located at 5104 Branchville Road, College Park, Maryland 20740.

14. Calderon's registered agent for service of process is Royal Service Company, Inc. 5335 Wisconsin Ave., N.W., Suite 440, Washington, DC 20015.

15. Defendant MA Drywall & Finishing Company ("MA") is by information and belief an unlicensed labor broker owned by Miguel Alvarez with a principal place of business at 7836 Flamingo Drive, Alexandria Virginia.

16. At all relevant times, each defendant employed at least two people.

17. By information and belief, at all relevant times, each defendant had an annual dollar volume of sales or business done of at least $500,000.

18. At all relevant times, plaintiffs and similarly situated individuals were engaged in commerce or in the production of goods for commerce.

19. At all relevant times, and with respect to plaintiffs and similarly situated individuals, defendants MA and Calderon had and exercised both actual and apparent authority to hire and fire, direct and supervise work, and bind and set wage and hour policies.

20. At all relevant times, defendants were employers of plaintiffs and similarly situated individuals within the meaning of 29 U.S.C. § 203 (d) (FLSA), D.C. Code § 32 – 1002(3) (DCMWRA), D.C. Code § 32-130(1) (DCWPCL), and DC Code §§ 32-1001-15, 32-1301-11(DCWTPAA).

21. At all relevant times, plaintiffs and similarly situated individuals were employees of

defendants within the meaning of 29 U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2) (DCMWRA), D.C. Code § 32-1301(2) (DCWPCL), and D.C. Code §§32-1001-15, 32-1301-11 (DCWTPAA).

22. At all relevant times, defendant Ellisdale was the general contractor for the project where the plaintiffs and similarly situated individuals performed work.

## Factual Allegations

23. Plaintiffs and similarly situated individuals worked for defendants at a new construction project ("the project") located at 1031 4th St., N.W., Washington, D.C.

24. The project involved a ten-story mixed-use building with ground-floor retail and 123 residential units.

25. The general contractor for the project is Ellisdale. Ellisdale subcontracted general carpentry work to Calderon. Calderon hired MA to supply labor for five of the floors, and Calderon used a different labor broker to supply labor for the other five floors.

26. The plaintiff and similarly situated individuals were recruited by Miguel Alvarez, owner of MA, to work for Calderon on the project. Alvarez did not supervise the project, but acted as a "pass-through" for Calderon's payment of wages.

27. Miguel Alvarez told Lucas Paz that he would be paid $22.00 an hour, and he told Blanca Perez that she would be paid $14 an hour.

28. The supervisor on the project was Carlos Aranzana, an employee of Calderon. He directed the work and had the power to hire, fire and discipline plaintiffs and similarly situated individuals. He told the plaintiffs and similarly situated individuals when to report to work, when to take breaks, and when to leave.

29. The plaintiffs and similarly situated typically worked six days a week, at least eight hours

a day.

30. There were approximately twenty-seven (27) other individuals performing carpentry-related work for Calderon at the worksite. They were also not paid for all hours worked and did not receive an overtime premium. The other workers were also misclassified as independent contractors.

31. Plaintiff Pedro "Lucas" Paz began work at the project on or around July 3, 2015. He was paid in cash during July, August and September. The cash payments did not include an overtime premium, and did not cover all hours worked.

32. Plaintiff Pedro Paz received no pay for the month of October, 2015. During the month of October, 2015, Paz worked approximately the following number of hours during each of the five weeks of the month, based on a workweek of Friday through Thursday:

- week ending October 1, 2015 - 51 hours;
- week ending October 8, 2015 – 6 hours;
- week ending October 15, 2015 – 46 hours;
- week ending October 22, 2015 – 51 hours;
- week ending October 29, 2015 - 46 hours.
- In addition, Paz worked eight (8) hours on Friday October 30.

33. Plaintiff Blanca Perez worked at the project during the month of October of 2015. She worked the same hours as her husband, Pedro "Lucas" Paz. She was also not paid for the month of October.

34. The plaintiffs and similarly situated individuals performed framing, finishing, insulating, fire caulking, and drywall work, using construction materials such as dry wall, joint compound, wood, and hardware that had travelled through interstate commerce.

35. Calderon provided materials, tools and equipment except for hand tools, including compressors, scaffolds, ladders, lifts, and harnesses.

36. By information and belief, defendants did not maintain true and accurate records of each hour, day and week worked by plaintiff and similarly situated individuals, as required by the FLSA, DCMWRA, or the regulations promulgated by these laws.

37. Plaintiff Pedro Paz called Carlos Calderon, president of C.R. Calderon on several occasions to complain about non-payment of wages. Mr. Calderon threatened to file a legal action against the Plaintiff and told Mr. Paz that if he got a lawyer he would have big problems. Mr. Alvarez told Mr. Paz that he could face retaliation if he sued Calderon.

38. Pedro Paz also complained to Richard Ward, Managing Partner of Ellisdale by texting and by Facebook messaging in December of 2015. Mr. Ward arranged a meeting at the jobsite with Mr. Calderon, Mr. Paz, and approximately nine other workers to discuss the non-payment of wages. The meeting took place on or around December 29, 2015 at the jobsite office on the first floor. When the workers complained that they had not been paid for work starting in October 2015, Mr. Calderon showed a stack of papers that he said demonstrated that he had paid Miguel Alvarez, and they should go to Mr. Alvarez to get their money. Mr. Ward said that it was not his problem.

39. The plaintiffs stopped working at the project on or around October 27, 2015.

### Collective Action Allegations

40. This action is maintainable as an opt-in collective action pursuant to the FLSA, 29 U.S.C. 216(b) and the DCMWRA, D.C. Code §32-1012.

41. The plaintiff brings his FLSA and DCMWRA claims on his own behalf and on behalf of all past and present non-exempt employees of defendants who, while working on the

7

Project, were not paid for all hours worked and were not paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

42. On information and belief, there are approximately twenty-seven (27) past and present non-exempt employees of defendants who are similarly situated to the plaintiff in that they were carpenters who worked similar hours doing similar work, under the same supervision, and were not paid for all hours worked and were not paid overtime for hours worked over forty. They were also similarly misclassified as independent contractors.

43. The DCMWRA was amended in early 2015 removing the opt-in and written-consent procedures that had previously mirrored the FLSA procedures and providing that a DCMWRA class action "may be maintained by one or more employees who may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated." D.C. Code 32-1308(a)(1). Plaintiffs contend that under the amended DCMWRA opt-in or opt-out collective actions are permitted.

44. Pursuant to 29 U.S.C. §216(b), plaintiff has consented in writing to be plaintiff in this action. His consent form will be filed in a separate docket entry.

### Class Action Allegations

45. This action is also maintainable as an "opt-out" class action pursuant to D.C. Code § 32-1308 (a) (1) and DC Code § 32-1012(a) and Federal Rule of Civil Procedure 23.

46. Plaintiff brings their DCWPL and DCWFA claims on his own behalf, and on behalf of all past and present non-exempt employees of defendants who, while working on the Project, (1) were not promptly paid at least minimum wages or the promised wage; and (2) were not promptly paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

47. On information and belief, there are approximately twenty-seven (27) past and present employees of defendants who are similarly situated to plaintiffs in that they were carpenters working on the project who were not promptly paid at least minimum wage for all hours worked and were not paid overtime.

48. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a) are satisfied.  The numerosity requirement is met because there are approximately twenty-seven (27) other class members whose claims raise common questions of fact and law. Plaintiffs are adequate representatives of the Class, in that they were co-workers performing the same work at the same place during the same time period under the same payment scheme and were all misclassified. Plaintiffs' counsel have experience in wage and hour litigation and can adequately represent the class.

49. The proposed class is defined as: "all non-exempt employees who performed carpentry and related work at the 1031 4th Street, N.W., Washington, D.C. for C.R. Calderon and MA Drywall & Finishing from July, 2015, until the final disposition of this matter."

## COUNT I

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

50. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

51. The FLSA requires employers to pay non-exempt employees at least the minimum wage for all hours worked and an overtime premium of one and one half times the regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §207(a)(1).

52. Defendants violated the FLSA by knowingly failing to pay plaintiffs and similarly situated individuals for all hours worked and one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

53. Defendants' violations of the FLSA were willful.

54. For their willful violations of the FLSA, defendants are liable to the plaintiff and similarly situated individuals for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES UNDER THE DCMWRA

55. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

56. The DCMWRA requires employers to pay non-exempt employees for all hours worked and one and one-half times their regular hourly.

57. Defendants violated the DCMWRA by knowingly failing to pay plaintiffs and similarly situated individuals for all hours worked and one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

58. Defendants' violations of the DCMWRA were willful.

59. For their violations of the DCMWRA, defendants are liable to plaintiffs and similarly situated individuals for unpaid wages and unpaid overtime compensation, and an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

### FAILURE TO PAY WAGES UNDER THE DCWPCL

60. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

61. The DCWPCL requires an employer to promptly pay employees all wages due. D.C. Code § 32-1302–3.89. For purposes of the DCWPCL, "wages" include, among other things: "[o]vertime premium" D.C Code § 32-1301(3)(C);

    a. "remuneration promised or owed...pursuant to a contract between an employer and another person or entity" D.C Code § 32-1301(3)(E)(ii); and

    b. "remuneration promised or owed...Pursuant to District of federal law" D.C Code § 32-1301(3)(E)(iii).

62. Defendants violated the DCWPCL by knowingly failing to pay plaintiffs and similarly situated individuals all wages earned, including the promised wage for all hours worked and an overtime premium.

63. Defendants' violations of the DCWPCL were willful.

64. For their violations of the DCWPCL, defendants are liable to plaintiffs and similarly situated individuals for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### COUNT IV

FAILURE TO PAY WAGES UNDER THE DC WAGE THEFT PREVENTION AMENDMENT ACT

65. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

66. The DC Wage Theft Prevention Amendment Act D.C. Code §§ 32-1001-15, 32-1301-11 states that the general contractor and subcontractor are jointly and severally liable for violations of the DCMWRA.

67. The Defendant Ellisdale is liable as general contractor for the wage payment violations of Calderon and MA.

68. Under the DCWTPAA, Defendants are liable to plaintiffs and similarly situated individuals for the amount of any lost wages and benefits, plus an amount equal to three times the lost wages or benefit as liquidated damages, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT V

### WILLFUL MISCLASSIFICATION OF EMPLOYEES AS INDEPENDENT CONTRACTORS UNDER THE WORKPLACE FRAUD ACT

69. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

70. The DC Workplace Fraud Act, D.C. Code §§32-1331.01.15 prohibits employers from improperly classifying an employee as an independent contractor.

71. Under the D.C. Workplace Fraud Act, the employer is liable for compensatory damages and an amount up to $500 for each violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants on all counts, jointly and severally, and grant the following relief:

a. Award plaintiffs and similarly situated individuals:

   i. unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

   ii. unpaid wages, plus an equal amount as liquidated damages, pursuant to the DCMWRA, DC Code § 32-1012;

   iii. unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-

      1303(4) and 32-1308;

   iv. unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWTPAA, D.C. Code §§32-1001-15, 32-1301-11.

   v. $500 per week for violations of DC Code 6§32-1331.01-.15.

b. Award the plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c. Award plaintiffs court costs;

d. Award plaintiffs prejudgment and post-judgment interest as permitted by law; and

e. Award any additional relief the Court deems just.

Dated: May 18, 2016                      Respectfully submitted,

                                            /s/Virginia R. Diamond
                                            Virginia R. Diamond, DC Bar #393934
                                            Rebekah Miller, DC Bar #462388
                                            Benjamin Douglas, DC Bar #1001439
                                            Ashcraft & Gerel, LLP
                                            Suite 650, 4900 Seminary Rd.
                                            Alexandria, VA 22311
                                            Phone: (703)627-5510
                                            Fax: (703)820-0630
                                            Email: vdiamond@ashcraftlaw.com
                                            *Counsels for Plaintiff*